IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

**IN RE:**

| | | |
|---|---|---|
| Quality Care DayCare at BUP, LLP | * | Case No.: 22-10546 |
| | * | Chapter 11 |
| Debtor(s) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## LAKESIDE NATIONAL, LLC'S MOTION TO DISMISS BANKRUPTCY AND IMPOSITION OF EQUITABLE SERVITUDE ON 873-875 N. HOWARD STREET

Now comes, Lakeside National, LLC, through Gerard F. Miles, Jr. and Huesman, Jones and Miles, LLC and hereby moves to dismiss the bankruptcy petition pending and for reasons states:

1. Lakeside National, LLC ("Lakeside") is the secured lender concerning 873-875 N. Howard Street, ("Property") which appears to be the sole asset of the estate. See Mortgage attached as **Exhibit 1**. The secured creditor appears to be the only creditor of the Debtor[1].

2. The Debtor, Quality Care Daycare at BUP, LLP, previously filed bankruptcy on January 6, 2022, case 22-10053. The Debtor was dismissed the next day and the case closed on January 26, 2022. This bankruptcy was filed the morning of a foreclosure sale which was scheduled for January 6, 2022.

3. Natalie Tao, who is believed to be the sole remaining partner of the Debtor, filed personal bankruptcy on June 26, 2019, case 19-18681. This bankruptcy was filed one day before a foreclosure sale which was scheduled for January 27, 2019. During the litigation of that bankruptcy, the Debtor took the position that the Property was part of that bankruptcy estate,

---

[1] Public records seem to indicate that the debtor obtained a PPP loan from Kabbage, Inc. that has not been forgiven. It is unclear whether notice has ever been sent to Kabbage of this bankruptcy or what the status of that loan is.

because the Entity had been withdrawn and the debtor was winding up the business of the LLP. While Lakeside disagreed with this assertion, Lakeside agreed to a consent order which in effect made the property part of that Bankruptcy Estate. **Exhibit 2**. That case was eventually dismissed, though Ms. Tao has moved to reopen it[2]. That Motion is still pending.

4. The Debtor has in effect filed bankruptcy on two separate occasions, neither of which has led to a confirmed plan, and both of which were filed within 24 hours of a foreclosure sale.

5. The Debtor purports to be a limited liability partnership. However, on or about March 21, 2013, a withdrawal of the limited liability partnership registration was filed. **Exhibit 3**.

6. Pursuant to Md. Code Corp and Ass. 10-803, once a Limited Liability Partnership's registration has been withdrawn, the general partners may wind up the affairs of the LLP. Once a Limited partnership has filed a certificate of cancellation, "the persons winding up the limited partnership's affairs may, in the name of and on behalf of the limited partnership, prosecute and defend suits, whether civil, criminal or administrative, gradually settle and close the limited partnership's business, dispose of and convey the limited partnership's property, discharge the limited partnership's liabilities, and distribute to the partners and remaining assets of the limited partnership." This winding up provision does not give the debtor the ability to continue to operate, collect rents and otherwise operate as an entity nearly eight years after the LLP's registration has been withdrawn, nor does it allow the debtor to file a bankruptcy petition, as the Debtor is to be winding up its business, not continuing to operate.

7. Based on information and belief, the debtor has continued to operate the business by collecting rents for nearly eight years, despite the fact that the debtor appears to have done

---

[2] If that bankruptcy is reopened and this bankruptcy continues, the Property will be part of two separate bankruptcy petitions

nothing to wind up the affairs of the partnership. For that reason, the Debtor does not have standing to file this bankruptcy petition. The Debtor simply does not exist under the eyes of the law, and for that reason is not eligible to be a debtor under the bankruptcy code.

8. Since the debtor has not been properly registered to operate in Maryland for nearly eight years, and clearly no attempt has been made to wind up the affairs of the Debtor, this case must be dismissed.

9. This is the third bankruptcy filed which has included this property as part of the bankruptcy estate. For that reason, an equitable servitude should be imposed upon the property located at 873-875 N. Howard Street, so that any further bankruptcy filings by the Debtor do not impose an automatic stay on the Property.

WHEREFORE, Lakeside National, LLC requests that this Bankruptcy case be Dismissed, and that an equitable servitude be issued such that any further filings by Quality Care Daycare at BUP, LLP does not cause the Property to be subject to the automatic stay.

Respectfully submitted,
Huesman, Jones and Miles, LLC
By: /s/ Gerard F. Miles, Jr.___
    Gerard F. Miles, Jr.
    Executive Plaza III, Suite 905
    11350 McCormick Road
    Hunt Valley, Maryland 21031
    (443) 541-8507
    Fed. Bar No. 28199
    AIS No.: 0512140264
    Buddy@lawhjm.com
    Attorney for *Lakeside National, LLC*