BALTIMORE CITY CIRCUIT COURT (Land Records) FMC 8624, p. 0162, MSA_CE164_17776. Date available 12/14/2006. Printed 09/12/2018.

BK П 8 b 2 Ц PG П l b 2

ALLEGHENY TITLE
1709 REISTERSTOWN RD #3
PIKESVILLE, MD 21208

FILE NAME: Rex A. Frost
FILE NO.: 06-5800

TAX I.D.#:11-09-0509-060

06-079

**THIS PURCHASE MONEY MORTGAGE**, Made this 11th day of April, 2006, by and between **QUALITY CARE DAYCARE AT BUP, LLP**, a Maryland Limited Liability Partnership, party of the first part, hereinafter referred to as Mortgagor, whose address is 4817 Reisterstown Road, Baltimore, Maryland 21215, and **LAKESIDE NATIONAL, LLC**, a Maryland Limited Liability Company, party of the second part, hereinafter referred to as Mortgagee, whose address is 54 Windemere Parkway, Phoenix, Maryland 21131.

**WHEREAS**, Mortgagor is bona fide indebted to Mortgagee in the sum of Two Hundred Eighty-Five Thousand Dollars and No Cents ($285,000.00), being all or a part of the purchase money for the hereinafter described property, which principal sum Mortgagor hereby covenants and agrees to pay to Mortgagee, together with interest on unpaid remaining balance at the rate of Fourteen and Nine Tenths Percent (14.9%), per annum, in monthly installments of principal and interest in the amount of Three Thousand Six Hundred Twenty-Eight Dollars and Twenty-Seven Cents ($3,628.27), beginning on the 1st day of June, 2006, and monthly thereafter until the full amount of said principal and interest thereon shall have been paid; any balance of principal and interest due or unpaid on the 1st day of May, 2031 shall be due and payable on said date;

NOTWITHSTANDING ANY OTHER PROVISION OF THIS MORTGAGE, AT THE DISCRETION OF THE MORTGAGEE, AND UPON NINETY (90) DAYS PRIOR WRITTEN NOTICE, THE MORTGAGEE MAY CALL FOR PAYMENT OF THE OUTSTANDING PRINCIPAL BALANCE OF THIS MORTGAGE, TOGETHER WITH ALL ACCRUED BUT UNPAID INTEREST THEREON, ON THE 1ST DAY OF MAY, IN EACH AND EVERY YEAR, IN WHICH EVENT, MORTGAGOR WILL MAKE A FINAL PAYMENT EQUAL TO THE OUTSTANDING PRINCIPAL BALANCE, TOGETHER WITH ALL ACCRUED BUT UNPAID INTEREST THEREON, ON THE DATE CALLED FOR BY THE MORTGAGEE.

MORTGAGOR SHALL HAVE THE RIGHT TO PREPAY THIS MORTGAGE, IN
WHOLE OR IN PART, AT ANY TIME, WITHOUT PENALTY

MORTGAGOR HEREBY COVENANTS AND AGREES TO PAY AN INSTALLMENT OF INTEREST
ONLY IN THE AMOUNT OF $465.36, ON MAY 1, 2006.

THE MORTGAGOR HEREBY COVENANTS THAT THE ENTIRE PROCEEDS FROM THE MORTGAGE LOAN ARE TO BE USED FOR BUSINESS INVESTMENT OR COMMERCIAL PURPOSES, AND THAT, THEREFORE, THIS MORTGAGE LOAN IS BEING MADE IN ACCORDANCE WITH COMMERCIAL ARTICLE 12-103(e) 1, 2 AND 3 OF THE ANNOTATED CODE OF MARYLAND, AND FURTHER THAT IT IS EXEMPT FROM DISCLOSURE REQUIREMENTS UNDER FEDERAL REGULATION Z AND/OR DISCLOSURE REQUIREMENTS UNDER COMMERCIAL ARTICLE 12 OF THE ANNOTATED CODE OF MARYLAND.

All sums aforesaid are to be in lawful money of the United States of America which shall be the legal tender in payment of all debts and dues, public and private, at the office of the Mortgagee at the address hereinabove stated, or at such other address as the Mortgagee or the holder of this mortgage may, from time to time, designate in writing;

And in order to secure and assure the repayment of said principal sum, the interest thereon and the performance of the covenants herein contained, this mortgage is executed.

**NOW, THEREFORE,** This Mortgage Witnesseth, that in consideration of the premises and the sum of One Dollar, Mortgagor does hereby grant, convey and assign to Mortgagee, in fee simple in all that/those lot(s) of ground and premises situate and lying in Baltimore City, State of Maryland, and described as follows, that is to say:

**EXHIBIT**

1

BK 8624 PG 0163

BALTIMORE CITY CIRCUIT COURT (Land Records) FMC 8624, p. 0163, MSA_CE164_17776. Date available 12/14/2006. Printed 09/12/2018.

## EXHIBIT "A"

**BEGINNING FOR THE FIRST** on the east side of North Howard Street at the distance of six hundred and thirty feet northerly from the corner formed by the intersection of the east side of Howard Street and the north side of Madison Street; and running thence northerly bounding on the east side of Howard Street fifteen feet; thence easterly parallel with Madison Street ninety-two feet six inches to the Western boundary of an alley two feet wide communicating with Tyson Street, formerly called Levens Alley; thence southerly bounding on said alley with the use and privilege of the same in common and bounding on a lot, heretofore subleased by Gabriel H. Chalot to a certain William Durham and parallel with Howard Street fifteen feet and thence westerly parallel with Madison Street ninety-two feet six inches to Howard Street.  The improvements thereon being known as **No. 873 N. Howard Street.**

509

**BEGINNING FOR THE SECOND** on the east side of North Howard Street at the distance of six hundred and thirty feet northerly from the corner formed by the intersection of the east side of Howard Street and the north side of Madison Street; and running thence northerly bounding on the east side of Howard Street fifteen feet; thence easterly parallel with Madison Street one hundred sixty-seven feet and six inches to Tyson Street, formerly called Levens Alley; thence southerly bounding on the west side of Tyson Street fifteen feet; thence westerly by a straight line to the place of beginning.  The improvements thereon being known as **No. 875 N. Howard Street.**

509

7

BK 8624 PG 0164

BALTIMORE CITY CIRCUIT COURT (Land Records) FMC 8624, p. 0164, MSA_CE164_17776. Date available 12/14/2006. Printed 09/12/2018.

**BEGINNING FOR THE FIRST** on the east side of North Howard Street at the distance of six hundred and thirty feet northerly from the corner formed by the intersection of the east side of Howard Street and the north side of Madison Street; and running thence northerly bounding on the east side of Howard Street fifteen feet; thence easterly parallel with Madison Street ninety-two feet six inches to the Western boundary of an alley two feet wide communicating with Tyson Street, formerly called Levens Alley; thence southerly bounding on said alley with the use and privilege of the same in common and bounding on a lot, heretofore subleased by Gabriel H. Chalot to a certain William Durham and parallel with Howard Street fifteen feet and thence westerly parallel with Madison Street ninety-two feet six inches to Howard Street. The improvements thereon being known as **No. 873 N. Howard Street.**

**BEGINNING FOR THE SECOND** on the east side of North Howard Street at the distance of six hundred and thirty feet northerly from the corner formed by the intersection of the east side of Howard Street and the north side of Madison Street; and running thence northerly bounding on the east side of Howard Street fifteen feet; thence easterly parallel with Madison Street one hundred sixty-seven feet and six inches to Tyson Street, formerly called Levens Alley; thence southerly bounding on the west side of Tyson Street fifteen feet; thence westerly by a straight line to the place of beginning. The improvements thereon being known as **No. 875 N. Howard Street.**

**BEING** the same lots of ground which by Deed dated even date herewith and recorded or intended to be recorded among the Land Records of Baltimore City immediately prior hereto, were granted and conveyed by Barr K. Harris Revocable Convertible Trust dated May 28, 1991and Licien King Harris Revocable Convertible Trust dated May 28, 1991 unto Quality Care Daycare At BUP, LLP.

**TOGETHER** with the buildings and improvements thereupon, and the rights, alleys, ways, waters, privileges, appurtenances and advantages thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD** the said lot(s) of ground, with the improvements and appurtenances aforesaid, to the said Mortgagee, in fee simple.

**PROVIDED**, that if the said Mortgagor shall well and truly pay or cause to be paid the aforesaid principal sum of Two Hundred Eighty-Five Thousand Dollars and No Cents ($285,000.00), and all the interest thereon when and as such payments shall respectively be due and payable as aforesaid and shall perform each and all of the covenants herein as Mortgagor's part to be performed, then this Mortgage shall be void.

But upon any default being made in the payment of said principal and interest, in whole or in part, when due, or upon any default being made in any covenant or condition of this Mortgage, then the whole mortgage debt hereby secured and then unpaid may thereupon be declared to be due and payable, at the option of the Mortgagee, after such default shall have continued for thirty (30) days.

**AND** the said Mortgagor hereby assents to the passage of a decree for the sale of the herein described property at any time after a default has occurred in any of the covenants of this mortgage, as herein provided; and the said Mortgagor hereby authorizes the said Mortgagee, or **DEBORAH M. ENGRAM, ESQUIRE**, the duly authorized attorney or agent of said Mortgagee, after any default shall have occurred as aforesaid, to sell the hereby mortgaged property. Any such sale, whether under the aforementioned assent to a decree or under the aforementioned power of sale, shall be under the provisions of Real Property Article of the Annotated Code of Maryland, Section 7-105 and Title 14 of the Maryland Rules of Procedure, or under any other general or local laws of the State of Maryland relating to mortgages, or any supplement, amendment or addition thereto. Such sale shall be made after giving notice by advertisement as required by the aforesaid Statute and Rules; and the terms of the sale may be all cash upon ratification of the sale or such other terms as the party selling may deem expedient. And upon any such sale of said property under this mortgage, the proceeds shall be applied as follows: (1) to repayment of all expenses incident to said sale, including a counsel fee of One Thousand Dollars ($1,000.00), for conducting the proceedings if without contest, but if legal services be rendered to the Mortgagee or to the Trustee or party selling under the power of sale in connection with any contested

2

HK 78624 PG 0165

BALTIMORE CITY CIRCUIT COURT (Land Records) FMC 8624, p. 0165, MSA_CE164_17776. Date available 12/14/2006. Printed 09/12/2018.

matter in the proceedings, then such additional counsel fees and expenses shall be allowed out of the proceeds of sale as the Court may deem proper; and a commission to the party making the sale of said property equal to the commission allowed Trustees for making sale of property by virtue of a decree of a Court having equity jurisdiction in the State of Maryland; (2) to the payment of all claims of the said Mortgagee hereunder, whether the same shall have matured or not, including interest thereon until the final ratification of the final Auditors's Account in the foreclosure proceedings; (3) and the balance, if any, to the said Mortgagor, or to whomever may be entitled to same. And in the event that the mortgage debt shall be paid after any advertisement of said property, but before sale thereof, the Mortgagor hereby covenants to pay also, all expenses incident to said advertisement or notice, all court costs and all expenses incident to the foreclosure proceedings under this mortgage, and a commission on the total amount of the mortgage indebtedness, principal and interest, equal to one- half of the percentage allowed as commission to trustees making sale under orders or decrees of a Court having equity jurisdiction in the State of Maryland and a counsel fee of Five Hundred Dollars ($500.00); but said sale may be proceeded with unless, prior to the day appointed therefor, payment be made of said principal and interest, costs, expenses, commission and fee.

**AND** the said Mortgagor hereby covenants with the Mortgagee as follows:

(1)  To repay the mortgage indebtedness hereby secured, together with the interest thereon at the rate aforesaid, at the times and in the amounts aforesaid;

(2)  To purchase and pay the premiums thereon, during the term of this mortgage, of all policy or policies of fire and extended coverage insurance on the improvements on the above described lot of ground insuring the same against loss by fire and other hazards, usually referred to as "extended coverage," with an endorsement thereon making the proceeds of the policy or policies, in event of damage or fire or other covered casualty, payable to the Mortgagee to the extent of Mortgagee's lien on the land and improvements, in such companies, through such agents or brokers, and in such form as shall be satisfactory to the Mortgagee, in amounts sufficient to protect Mortgagee's lien thereon, and to deliver the policy or policies and all renewal policies or receipts to the Mortgagee; and in the event of any loss by fire or other casualties, the insurance company or companies issuing said policy or policies are hereby, and in said policy and policies are to be, directed by the Mortgagor to make payments for such loss to the Mortgagee only, to the extent of its lien thereon and any unpaid insurance premiums or taxes and other expenses advanced, and not to the Mortgagor and Mortgagee jointly; such payment to the Mortgagee shall be applied to the extinguishment of the principal, interest and other obligations secured by this mortgage, whether then due or not; however, the Mortgagee, in lieu thereof, may consent, in writing, to the application by the Mortgagor of the said insurance proceeds to the reconstruction of the improvements on the mortgage property;

(3)  To pay all taxes, water and sewer charges and other public dues and assessments of every kind whatsoever for which the property hereby mortgaged may become liable, and to pay all ground rent, if any, when and as the same shall become due and payable and to deposit receipts for the same with the Mortgagee within 30 days after the due date for such payments;

(4)  Not to permit, commit or suffer to be committed any waste, impairment or deterioration of said above described property or any part thereof; and

(5)  To pay a late charge not to exceed Ten Percent (10%) of the total amount of any delinquent or late periodic installments or principal and interest which is received at the office of the Mortgagee more than ten (10) calendar days after the due date thereof.

It is further agreed between the parties:

1. Each monthly payment made by the Mortgagor and paid to the Mortgagee, where the amount or amounts shall not be equal to the required monthly payments of principal, interest and the Expense Account, shall be applied as follows:  First: To the payment of the interest due on the date of said

3

BK 0 8 6 2 4 PG 0 1 6 6

payment; Second: Any balance remaining shall be credited on account of the unpaid principal due as of such date; and Third: Any balance remaining shall be credited to the Expense Account.

2. The holder of this mortgage, in any action to foreclose the same, shall be entitled, without regard to the adequacy of the security for the debt, to have a receiver appointed by the Court to collect the rents and profits of said property and account therefor as the Court may direct.

3. Should the title to the herein mortgaged property be acquired by any person, persons, partnership or corporation, other than the Mortgagor, by voluntary or involuntary grant or assignment, or conveyed or encumbered in any manner, without the Mortgagee's, or other holder of this Mortgage, consent in writing or should the Mortgagor, or any one or more of the Mortgagor group, if more than one, be declared insolvent or bankrupt, then the balance then due or to become due on said principal indebtedness shall, at the option of the Mortgagee, become due and payable and constitute a ground of foreclosure if not paid on demand.

4. At the option of the Mortgagee, the entire indebtedness then unpaid and secured hereby shall become due and payable after a default in the payment of any monthly installment of principal or interest, as herein provided, shall continue for thirty (30) days, or after default, in the performance of any of the covenants or conditions hereof shall have continued for thirty (30) days;

5. The Mortgagee, at Mortgagee's election, may sell the property hereinabove described at the foreclosure sale, subject to one or more of the tenancies entered into subsequent to the recording of the mortgage, provided such fact is disclosed in the advertisement of the sale;

6. Should any portion of the above described property, or an easement appurtenant thereto, be condemned or taken under eminent domain, all or such part of any award or proceeds, as Mortgagee shall be entitled to receive in payment of the balance due on principal and interest and shall declare the same in writing, is, by this instrument assigned by Mortgagor to Mortgagee for payment of the said principal and interest due on said mortgage indebtedness, and Mortgagee is hereby authorized to give receipts and releases therefor; and

7. Until default is made, the said Mortgagor may retain possession of the hereby mortgaged property.

8. Each of the parties hereto, Mortgagor and Mortgagee, shall promptly advise the other of any change in the address of either.

The Mortgagor warrants specially the property hereby mortgaged and will execute such further assurances of the same as may be requisite.

Whenever used herein, the words "Mortgagor" and "Mortgagee" shall include the heirs, personal representatives and/or assigns of the Mortgagor or Mortgagors, or Mortgagee or Mortgagees, and the successors and/or assigns of the Mortgagee or Mortgagees. The use of any gender shall be applicable to all genders and "Mortgagee" shall include any payee of the indebtedness hereby secured, or any transferee thereof whether by operation of law or otherwise. The use of the singular shall include the plural, and the plural the singular.

The Mortgagor by execution of this instrument certifies that, prior to such execution, he has received a fully executed agreement as to the contractual rate of interest, and a loan disclosure statement in connection with this loan as required by Commercial Law Article of the Annotated Code of Maryland, Section 12 (Acts of 1975, Chapter 49); and the parties agree that the provisions of Section 12 of the Commercial Law Article of the Annotated Code of Maryland, as to delinquent or late payment charges and prepayment terms, are made a part of this Mortgage agreement, unless other provisions regarding the same are specially set out herein.

**WITNESS** the hand and seal of Mortgagor.

4

BALTIMORE CITY CIRCUIT COURT (Land Records) FMC 8624, p. 0166, MSA_CE164_17776. Date available 12/14/2006. Printed 09/12/2018.

BK 8624 PG 0167

BALTIMORE CITY CIRCUIT COURT (Land Records) FMC 8624, p. 0167, MSA_CE164_17776. Date available 12/14/2006. Printed 09/12/2018.

TEST:

_____
Witness

_____
Witness

QUALITY CARE DAYCARE AT BUP, LLP

By: _____ (SEAL)
NICOLE SCOTT
Partner

By: _____ (SEAL)
NATALIE MORGAN
Partner

**STATE OF MARYLAND, COUNTY OF BALTIMORE, to wit:**

I HEREBY CERTIFY that on this 27th day of April, 2006, before me, a Notary Public of the State of Maryland, personally appeared **NICOLE SCOTT and NATALIE MORGAN**, who acknowledged themselves to be the Partners of **QUALITY CARE DAYCARE AT BUP, LLP**, a Maryland Limited Liability Partnership, and that they as such Partners of **QUALITY CARE DAYCARE AT BUP, LLP**, being authorized so to do, executed the aforegoing instrument for the purposes therein contained by signing the name of **QUALITY CARE DAYCARE AT BUP; LLP**, and also acknowledged that foregoing Mortgage to, be the act of **QUALITY CARE DAYCARE AT BUP, LLP**. At the same time also appeared O. Scott Morse, Esq. _____, as Agent of **LAKESIDE NATIONAL, LLC**, the within named Mortgagee and made oath in due form of law that the consideration therein set forth in said mortgage is true and bona fide as therein set forth, that the sum of Two Hundred Eighty-Five Thousand Dollars and No Cents ($285,000.00), was paid over and disbursed by the Mortgagee to either the Mortgagor or the person responsible for the disbursement of funds in the closing transaction, or their respective agents at or before the final and complete execution of this mortgage.

**AS WITNESS** my hand and Notarial Seal.

_____
Notary Public

My Commission Expires: 2/18/08

**THIS IS TO CERTIFY** that the within instrument was prepared by or under the supervision of the undersigned, an attorney duly admitted to practice before the Court of Appeals of Maryland.

_____
DEBORAH M. ENGRAM, Attorney

AFTER RECORDATION
MAIL TO:
BRENNAN & BRENNAN
ATTORNEYS AT LAW, P.A.
825 Eastern Boulevard
Baltimore, Maryland 21221
(410) 687-3434

F:\USERS\KAC\REALEST\OUTOFOFF.ICE\PACKAGES\873-875N.HowardSt.pkg

5

BK 08624 PG 0168

BALTIMORE CITY CIRCUIT COURT (Land Records) FMC 8624, p. 0168, MSA_CE164_17776. Date available 12/14/2006. Printed 09/12/2018.

000493



RECEIVED FOR RECORD
CIRCUIT COURT FOR
BALTIMORE CITY

2006 NOV 17  PM 2: 37