# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Greenbelt Division)

| | |
|---|---|
| **In re:**<br><br>**QUALITY CARE DAYCARE AT BUP, LLP**<br><br>**Debtor.** | Case No. 22-10546-LSS<br>(Chapter 11) |

### UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS CASE

John P. Fitzgerald, III, the Acting United States Trustee for Region 4 ("United States Trustee"), by and through undersigned counsel, hereby moves for entry of an order converting this case to Chapter 7, or in the alternative, dismissing this case pursuant to 11 U.S.C. § 1112(b). This Motion is filed pursuant to 28 U.S.C. §§ 157, 586, and 1334; and 11 U.S.C. § 307. The applicable statutes and rules supporting this Motion are 11 U.S.C. § 105 and 1112(b); and Fed. R. Bankr. P. 9013 and 9014. In further support of this Motion, the United States Trustee states as follows:

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding.

2. On February 3, 2022 (the "Petition Date"), Quality Care Daycare at BUP, LLP, the debtor and debtor in possession herein (the "Debtor"), filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code.

3. The Debtor continues to operate and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The meeting of creditors in this case occurred on February 28, 2022, and has been continued to March 21, 2022.

5. On the Petition Date, the Debtor filed a Motion to Use Cash Collateral and Authorization to Run the Business and Engage in "Ordinary Course" Transactions ("Cash Collateral Motion"). Dkt. No. 9.

6. The Cash Collateral Motion seeks authority to use rental income received from real property located at 873-875 N. Howard Street, Baltimore, Maryland that is subject to a lien interest held by Lakeside National, LLC ("Lakeside") to continue its commercial operations and pay "expenses related to maintaining the premises in a proper fashion [that] are incurred in the ordinary course of the business." *Id*. at ¶¶ 23-24.

7. Pursuant to section 1112(b) of the Bankruptcy Code, a Chapter 11 case shall be converted to a liquidation under Chapter 7 or dismissed for "cause." See 11 U.S.C. § 1112(b)(1). There is cause to convert or dismiss this case because the Debtor is operating under a partnership that has been withdrawn. According to the Maryland Department of Assessments & Taxation, the Debtor filed a Withdrawal of Limited Liability Partnership Registration on or about March 21, 2013, a copy is attached as **Exhibit 1**.

8. According to Maryland law, the actions that may be brought in the name of a partnership whose registration has been withdrawn or dissolved must be part of a good faith liquidation or winding up of the affairs of the partnership. *See* Md. Ann. Code, Corps and Assn's, § 10-803.

9. Section § 10-803 is similar to section §3-515 of the Maryland Annotated Code, Corporations and Associations, which applies to corporations that have been forfeited. *See* Md. Ann. Code, Corps and Assn's, § 3-515. Case law involving § 3-515 is therefore instructive to our analysis here. Under Maryland law, "an action may be brought in the name of a corporation

whose charter has been forfeited, without naming the director-trustees as parties, but only if the action is brought in the name of the corporation as part of a good faith liquidation or winding up of the affairs of the corporation." *Mintec Corp. v. Miton*, 392 B.R. 180, 185 (D. Md. 2008). All powers granted to a corporation by law, including the power to sue or be sued, are extinguished generally as of and during the forfeiture period. *Id.* at 183 ("[U]pon forfeiture of a corporate charter, the directors become trustees vested with full title to all corporate assets. However, they are granted that position only for 'purposes of liquidation.'").[1]

10. Similarly in the partnership context, courts have held that a dissolved partnership is ineligible for reorganization under Chapter 11 but may seek liquidation. *See In re Statepark Bldg., Grp. LTD.,* 316 B.R. 466, 475 (N.D. Tex. 2004); *In re Shea & Gould*, 215 B.R. 739, 746 (Bankr. S.D.N.Y. 1997).

11. In this case, the Debtor has filed a motion to use cash collateral and for authorization to run the business and engage in "ordinary course" transactions. It seems clear that this bankruptcy is not a part of a good faith liquidation or winding up of the affairs of the partnership. The case, therefore, should be converted to Chapter 7 or dismissed.

12. Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

---

[1] *In re Prism Props., Inc.*, 200 B.R. 43, 47 (Bankr. D. Ariz. 1996) (corporation whose charter was revoked five years prior to commencement of bankruptcy case eligible to liquidate under the Code, but could not continue corporation's existence via reorganization); *see also In re Tri-Angle Distributors, Inc.,* 21 C.B.C.2d 583, 102 B.R. 151 (Bankr. N.D. Ind. 1989*)* (corporation administratively dissolved pursuant to state laws had capacity to file chapter 7 petition); *In re Vermont Fiberglass, Inc.* 38 B.R. 151 (Bankr. D. Vt. 1984*)* (case to be converted to chapter 7 because corporate debtor, whose charter had been revoked upon filing for chapter 11 relief, had no authority under state law to conduct itself as a going concern, and therefore could not use bankruptcy court for purpose of reorganization).

13.     Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to final judgments orders in this matter by a bankruptcy judge.

WHEREFORE, in consideration of the foregoing, the United States Trustee respectfully requests that the Court enter an Order converting this case to Chapter 7 or, in the alternative, dismissing the case, and granting such other and further relief as this case may require and the Court deems just and proper.

Respectfully submitted,

Dated: March 4, 2022

**JOHN P. FITZGERALD, III**
Acting United States Trustee for Region 4
By Counsel:

*/s/ Lisa Yonka Stevens*
Lisa Yonka Stevens, Bar No. 27728
Trial Attorney
Office of the U. S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
(301) 344-6216
(301) 344-8431 (fax)
E-mail: Lisa.Y.Stevens@usdoj.gov

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on March 4, 2022, I served a true and correct copy of the foregoing United States Trustee's Motion to Convert Case to Chapter 7 or, in the Alternative, to Dismiss Case was served by ECF notification upon the following:

- William C. Johnson:  wcjjatty@yahoo.com, wjohnson@dcmdconsumerlaw.com; johnsonwr90391@notify.bestcase.com
- Gerard Miles:  buddy@lawhjm.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV

And mailed by first-class mail, postage prepaid, to:

Quality Care DayCare at BUP, LLP
16701 Melford Blvd., Suite 400
Bowie, Maryland 20715

                */s/ Lisa Yonka Stevens*
                Lisa Yonka Stevens